Freed v Best (2022 NY Slip Op 02115)





Freed v Best


2022 NY Slip Op 02115


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-13903
 (Index No. 1247/14)

[*1]Todd E. Freed, et al., respondents, 
v
Barbara Best, defendant, Zarko Svatovic, appellant.


Zarko Svatovic, New York, NY, appellant pro se.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca, Stephen R. Angel, and Lisa J. Ross of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, in effect, pursuant to RPAPL article 15 to compel the determination of claims to real property, and for injunctive relief, the defendant Zarko Svatovic appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated September 28, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion pursuant to CPLR 4404 which were to set aside so much of a jury verdict as found that the plaintiffs proved their ownership by record title of a parcel of property, designated as Lot 12.2, and for judgment as a matter of law, or, alternatively, for a new trial in the interest of justice, and granted those branches of the plaintiffs' cross motion pursuant to CPLR 4404 which were to set aside so much of the jury verdict as found that the 10-foot-wide area at the easterly boundary of Lot 12.2 was not sufficient "to provide the defendants with reasonable and convenient pedestrian access to the Peconic Bay" and for judgment as a matter of law, and for injunctive relief.
ORDERED that the appeal is dismissed, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (Freed v Best, ___ AD3d ___ [Appellate Division Docket No. 2018-14905; decided herewith]; see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court